# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

ANITA LYNN CALL,

           Plaintiff,

v.                                              CIVIL ACTION NO. 2:17-CV-02292

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

           Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff, Anita Lynn Call, filed this action pursuant to 42 U.S.C. § 405(g) on April 11, 2017, seeking review of the Commissioner's Final Decision denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. *Compl.*, at ¶ 3, ECF No. 2. By standing order, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for Proposed Findings and Recommendations ("PF&R"). *Standing Order*, at 2, ECF No. 4. In his PF&R issued on August 27, 2018, Magistrate Judge Tinsley recommends this Court grant judgment on the pleadings in favor of Defendant and affirm the Final Decision of the Commissioner. *PF&R*, at 14, ECF No. 14. Plaintiff filed objections to the PF&R pursuant to 28 U.S.C. § 636(b)(1)(C) on September 12, 2018. *Pl.'s Objs. to PF&R,* ECF No. 15.

As explained below, the Court **DENIES** Plaintiff's objections (ECF No. 15), **ADOPTS** Magistrate Judge Tinsley's PF&R (ECF No. 14), **DENIES** Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10), **GRANTS** Defendant's Motion for Judgment on the Pleadings (ECF No. 12), and **AFFIRMS** the Commissioner's Final Decision.

**I. Background**

Plaintiff protectively filed an application for Title II benefits on April 1, 2014, alleging disability beginning on March 1, 2014, later amended to June 1, 2014. *Transcript,* at 195–203, 259, ECF Nos. 9–9-13. Plaintiff later applied for supplemental security income ("SSI"), also alleging disability since March 1, 2014. *Id.* at 855–61. Plaintiff alleged she became disabled due to severe swelling in her legs and feet that required elevation, chest pain, asthma, sleep apnea, morbid obesity, and depression. *Id.* at 264.

Plaintiff's claim was denied initially on July 29, 2014, and again, upon reconsideration, on October 6, 2014. *Id.* at 108–12, 116–22. An administrative hearing reviewing these denials was held on June 15, 2015 with Administrative Law Judge ("ALJ") Robert M. Butler. *Id.* at 31–80. On August 20, 2015, the ALJ entered a decision, finding Plaintiff had not been under a disability at any time from her amended alleged onset date through the date of the decision and denied the claims. *Id.* at 10–30.

On October 19, 2015, Plaintiff sought review by the Appeals Council of the ALJ's unfavorable decision. *Id.* at 8–9, 345–46. In a Notice dated February 14, 2017, the Appeals Council denied Plaintiff's Request for Review, resulting in that decision becoming the final decision of the Commissioner. *Id.* at 1–7. Thereafter, Plaintiff filed the instant complaint with this Court on April 11, 2017, objecting to the final decision of the Commissioner, and seeking remand and reversal of the ALJ's adverse decision. *Compl.*, at ¶ 7.

**II. Standard of Review**

This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U. S. C. § 636(b)(1). The scope of this Court's review of the Commissioner's decision, however, is narrow:

this Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "consist[ing] of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing the case for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Id*. If there is conflicting evidence and reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *Craig*, 76 F.3d at 589 (citation omitted).

In conducting this review, this Court must also address whether the ALJ analyzed all the relevant evidence and sufficiently explained the rationale in crediting or discrediting evidence. *Milburn Colliery Co. v. Hicks*, 138 F. 3d 524, 528 (4th Cir. 1998). While the Commissioner's decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based," 42 U.S.C. § 405(b)(1), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]" *Reid v. Comm'r of Soc. Sec..* 769 F.3d 861, 865 (4th Cir. 2014) (citing *Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

**III. Discussion**

Plaintiff objects to the PF&R, alleging the ALJ's determination of Plaintiff's residual functional capacity ("RFC") was not supported by substantial evidence. *Pl.'s Objs. to PF&R*, at 1. Plaintiff clarifies this objection on two points. First, Plaintiff alleges Magistrate Judge Tinsley misapplied the standard set forth in *Reid* and, by extension, the ALJ failed to consider her

subjective pain as objectively evidenced by a "CR" scan,[1] as well as the examination by Dr. Nutter. *Id.* at 2. Second, Plaintiff alleges Magistrate Judge Tinsley improperly relied on the functional capacity evaluation ("FCE") by Dr. Kennedy and, by extension, the ALJ did not consider the full scope of Plaintiff's subjective pain. *Id.* at 3–4. The Court finds these factors were considered and the ALJ's determination is supported by substantial evidence.

   *A. Findings by the ALJ*

The ALJ followed the mandatory five-step evaluation in the instant case to determine disability.[2] *Transcript*, at 15–24. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date of June 1, 2014. *Id.* at 15. At step two, the ALJ found Plaintiff to have multiple severe impairments, including asthma, chronic obstructive pulmonary disease, lung nodule, obstructive sleep apnea, depressive disorder, anxiety disorder, obesity, and venous stasis syndrome. *Id.* at 16. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that would meet or equal a listed impairment in the regulations. *Id.* at 16–18.

---

[1] Plaintiff incorrectly identifies this as a "CT" scan. *Pl.'s Objs. to PF&R*, at 2; *Transcript*, at 709.

[2] *See* 20 C.F.R. § 404.1520. The Commissioner must address whether (1) the claimant is working at a substantial, gainful activity; (2) the claimant has a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities; (3) such impairment or combination of impairments meets or equals a listed impairment in the regulations; failing step three, that a RFC assessment shows (4) such impairment or combination of impairments prevents the claimant from doing past relevant work; and, (5) considering the claimant's RFC, age, education, and past work experience, such impairment or combination of impairments prevents the claimant from doing any other work. *Id.*; 20 C.F.R. § 416.920. For a claimant to be declared disabled, steps one and two must always be resolved favorably to the claimant. *See* 20 C.F.R. §§ 404.1520 and 416.920. If step three is resolved favorably to the claimant, the inquiry ends, and the claimant is declared disabled. *Id.* If step three is resolved unfavorably to the claimant, steps four and five must be resolved favorably to the claimant to find claimant disabled. *Id.*

Failing step three, the ALJ made a determination of Plaintiff's RFC based on the record. The ALJ determined Plaintiff could perform less than the full range of sedentary work as defined in 20 C.F.R. S 404.1567(a). *Id.* at 18. The ALJ further found Plaintiff is able to sit no more than sixty minutes at one time and stand no more than thirty minutes at one time. *Id.* She can occasionally stoop, balance and climb ramps or stairs. *Id.* She cannot crawl, crouch, kneel, or climb ladders, ropes or scaffolds. *Id.* She can perform work that does not involve concentrated exposure to extreme cold, extreme heat, wetness, humidity, excessive vibration, moving machinery, unprotected heights, chemicals, poorly ventilated areas, or environmental irritants such as fumes, odors, dusts and gases. *Id.* Finally, she is able to perform simple, routine and repetitive tasks in an environment free of fast-paced production requirements, involving only simple work-related decisions and routine workplace changes.

In making this determination, the ALJ considered treatment notes dated March of 2015, indicating Plaintiff suffered from leg pain and chronic swelling, and an explanation attributing this pain to a lack of compliance with prescribed treatment. *Id.* at 20 (citing *Transcript*, at 698). The ALJ also considered the report of Dr. Nutter, who identified pitting edema in both legs, and offered an explanation why this report was only given some weight. *Id.* (citing *Transcript*, at 381). Also included in the ALJ's report, was a summary of the FCE from Dr. Kennedy, and gave an explanation as to why this report was given little weight. *Id.* (citing *Transcript*, at 770).

Ultimately, the ALJ determined these reports were outweighed by other objective reports. Specifically, the ALJ mentioned multiple other reports showing Plaintiff did not have edema (*Id.* at 406–07, 654–55, 804–05, 849), displayed normal movement and strength (*Id.* at 381, 383, 655, 699, 767, 850), was not complying with recommended treatment (*Id.* at 370, 698–99), and was displaying signs of self-limiting behavior (*Id.* at 770).

Continuing the analysis, the ALJ found at step four that Plaintiff could not return to her past work. At step five, the ALJ determined, with the testimony of a vocational expert, Plaintiff could perform other work in the national and regional economies, and therefore, was not disabled at any time from her amended alleged onset date through the date of the decision. *Id.* at 22–24.

### B. Plaintiffs' Allegations of Lack of Consideration

Plaintiff attempts to obfuscate the ALJ's methods by claiming the lack of a direct citation to a single piece of evidence represents a lack of consideration and, as such, the ALJ's word these factors were considered should not be taken at face value. This misunderstands the rule as set forth in *Reid.* Furthermore, Plaintiff undercuts her own argument, by stating the ALJ has "downplayed" evidence, or made an "imbalanced subjective symptom" determination, showing Plaintiff's real objection is to the *weight* the ALJ gave the evidence, not that factors were impermissibly omitted. *Pl.'s Objs. to PF&R*, at 2; *Pl.'s Mot. J. on the Pleadings*, at 6–7.

In *Reid*, a claimant was denied DIB and appealed the ALJ's affirmation of that denial. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861 (4th Cir. 2014). The Claimant argued because the ALJ "referenced evidence from [the relevant period] just a few times[,] and he never mentioned objective findings which supported [Claimant's] claims," this failed the substantial evidence test. *Id.* at 865. On appeal, the Fourth Circuit found the Commissioner, through the ALJ, had based the determination to deny benefits on the entire record and the determination was supported by substantial evidence. *Id.* The Court's rationale was based on the fact the Commissioner had "stated that the whole record was considered, and, absent evidence to the contrary, we take her at her word." *Id.* The Court further reasoned that because the ALJ and Commissioner specifically referenced the claimant's general history of pain and evidence supporting his claim during the relevant time, this was sufficient to show the matter had been properly considered. *Id.*

As in *Reid,* contentions that the ALJ did not consider Plaintiff's subjective pain do not stand when contrasted to the record. Plaintiff is correct there was objective evidence supporting her claims of leg pain. The ALJ acknowledged this pain during the relevant period and determined it was outweighed by competing evidence. *Transcript*, at 19–22. The Court finds the ALJ's summaries and explanations sufficiently display a consideration of all the evidence, including that cited by Plaintiff. While this evidence was not explicitly mentioned, the holding in *Reid* applies to the instant case and a failure to specifically mention a single CR scan which noted "mild soft tissue swelling" in a transcript of well over 800 pages does not constitute "evidence to the contrary."

The Court cannot reweigh evidence, but merely ensure proper procedure was followed. The PF&R finds support in the record that the ALJ properly considered all factors and outlined why he found certain factors more credible than others. Finding reasonable minds could differ on this determination, this Court must find for the Commissioner and the Commissioner's agent, the ALJ. As such, Plaintiff's complaints were sufficiently considered, the ALJ's determination is supported by substantial evidence, and Plaintiff's argument is without merit.

**IV. Conclusion**

For the foregoing reasons, the Court **DENIES** Plaintiff's objections (ECF No. 15), **ADOPTS** Magistrate Judge Tinsley's PF&R (ECF No. 14), **DENIES** Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10), **GRANTS** Defendant's Motion for Judgment on the Pleadings (ECF No. 12), **AFFIRMS** the Commissioner's Final Decision, and **DISMISSES** the case.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.

ENTER: September 28, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE